UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELIANY ROSA RODRIGUEZ MORENO, § <br> A # 240-309-945 § <br> § <br>     Petitioner, § <br> § <br> VS. § <br> § <br> WARDEN, HOUSTON CONTRACT § <br> DETENTION FACILITY, *et al.* § <br> § <br>     Respondents. | CIVIL ACTION NO. 4:25-6018 |

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Eliany Rosa Rodriguez Moreno is detained in the custody of officials with the United States Department of Homeland Security, Immigration and Customs Enforcement, at the Houston Contract Detention Facility. Through counsel, Rodriguez Moreno filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1). The petition and supporting documents state that she is a Cuban national; that she entered the United States in 2022; that the respondents released her on her own recognizance in 2022; that an immigration judge ordered her removed to Cuba on May 9, 2025; that her appeal is pending in the BIA; and that her detention without a bond determination hearing under 8 U.S.C. § 1226(a) is unlawful. She requests immediate release or a bond hearing under § 1226(a) within seven days, among other relief.

On December 22, 2025, the Court entered an order for an expedited answer (Dkt. 4). The Court also entered an order to show cause (Dkt. 5) why the petitioner should not

be immediately released from custody or, in the alternative, be granted a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within three days. On December 26, 2025, the federal respondents filed a motion to dismiss the petition or, in the alternative, for summary judgment.

The respondents oppose habeas relief and argue that the petition should be denied because she is subject to mandatory detention under 8 U.S.C. § 1225(b) (Dkt. 6 (citing, *inter alia*, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025); *Cabanas v Bondi*, Civil Action No. 4:25-4830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025)). They also assert that the petitioner has not exhausted administrative remedies because she did not request a bond hearing under 8 U.S.C. § 1226(a) after she was ordered removed.

Having considered the parties' briefing and all matters of record, the Court determines that the petitioner, who has been present in the United States for over three years and previously was released on her own recognizance, is not subject to mandatory detention under 8 U.S.C. § 1225(b). *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025); *Behnam Goorakani v. Lyons*, No. 25-CV-9456 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025). The Court further determines that the exhaustion doctrine does not bar judicial review. *See id*. at * 3 (exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496

(S.D.N.Y. 2025) (exhaustion is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial constitutional question); *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *6 (W.D. Tex. Sept. 22, 2025).

The Court therefore **ORDERS** that the petitioner's petition for habeas relief (Dkt. 1) is **GRANTED**. The respondents are **ORDERED** to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with all attendant burdens of proof, within seven days of the date of this order. In the alternative, if the respondents do not provide the petitioner with a bond hearing within seven days, the respondents are ordered to release the petitioner from custody by the end of the seventh day.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on ____January 9____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE